# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0161-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KAWAMI R. JUNOR,

    Defendant-Appellant.

_____

Argued February 25, 2025 – Decided April 9, 2025.
Remanded by the Supreme Court March 24, 2026.
Resubmitted April 17, 2026 – Decided May 28, 2026

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 21-05-0394.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Rachel Glanz, Assistant Deputy Public Defender, of counsel and on the briefs).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Alexandra E. Harrigan, Assistant Prosecutor, of counsel and on the briefs).

PER CURIAM

This case returns to us by order of the Supreme Court directing us to reconsider the sentencing portion of our prior decision, State v. Junor, No. A-0161-23 (App. Div. Apr. 9, 2025) (Junor I), in light of the Court's recent decision in State v. Carlton, 262 N.J. 629 (2026). In Junor I we affirmed defendant's convictions but remanded for resentencing for two reasons: (1) for a jury to determine if defendant was a persistent offender under N.J.S.A. 2C:44-3(a); and (2) for the sentencing court to make express findings of fact concerning the aggravating factors, mitigating factors, and the overall fairness of the sentence. Id. at 21-22. The second reason for our remand for resentencing is not affected by the Court's harmless error holding in Carlton. Accordingly, we again remand for resentencing and we give directions concerning the persistent offender issue.

I.

A jury convicted defendant of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b); and third-degree criminal restraint, N.J.S.A. 2C:13-2(a). After the jury was dismissed, a judge found defendant guilty of fourth-degree assault by auto, N.J.S.A. 2C:12-l(c)(l).

Thereafter, the State moved to declare defendant a persistent offender under N.J.S.A. 2C:44-3(a) and determine that he was eligible for an extended term of imprisonment.[1] In support of its motion, the State submitted an affidavit from a special deputy attorney general, which identified defendant's prior indictable convictions "[a]ccording to defendant's criminal history." Specifically, the affidavit stated defendant had four prior indictable convictions:

> a. On February 6, 2015, the defendant was sentenced to an aggregate term of four years of probation under the following Hudson County Indictments: 14-05-0855 on a charge of third-degree attempted theft by deception, 14-03-0410 on a charge of third-degree theft by deception, and 14-09-1500 on a charge of third-degree disclosure of images of another's intimate parts.
>
> b. On October 4, 2019, the defendant was sentenced to four years of probation under Passaic County Indictment 18-12-0974 on a charge of third-degree theft by deception.

---

[1] N.J.S.A. 2C:44-3(a) provides that a court may sentence a defendant who commits a first-, second-, or third-degree crime when he is twenty-one or older to an extended term of imprisonment as a persistent offender if the defendant "has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least [eighteen] years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within [ten] years of the date of the crime for which the defendant is being sentenced."

A-0161-23

At the hearing on the extended term motion, defendant's counsel did not challenge the State's proof nor did defendant dispute that he was eligible to be sentenced to an extended term. In that regard, the court had the following exchange with defense counsel:

> THE COURT: But clearly, would we agree that he's eligible for [an extended term]?
>
> DEFENSE COUNSEL: Yes, Judge, he's eligible under the statute but it's a decision to be made by the [c]ourt.
>
> THE COURT: So, you don't contest that he's eligible to be sentenced as an extended term offender, yours is more [] a sentencing argument?
>
> DEFENSE COUNSEL: Well, yes, it is, Judge. I mean, he's eligible but here, again, it's a discretionary matter. It's in the discretion of the [c]ourt as to do that or not, and we're asking the [c]ourt not [to impose an] extended term.
>
> THE COURT: But, certainly, based on this motion, if I agree with [the assistant prosecutor], [defendant] meets the statutory criteria and that would extend the potential range when counsel makes the argument at the time of sentencing?
>
> DEFENSE COUNSEL: That's correct, Judge, but once again this is discretionary. It's not mandatory so the fact that an argument was made doesn't mean the [c]ourt has to do it.
>
> THE COURT: I think we're saying the same thing.

4

At the motion hearing, the court also noted that defendant had previously been informed of his criminal record at the pretrial conference. In that regard, the court pointed out that defendant had been told he was subject to an extended term based on his criminal record and defendant did not dispute his criminal record or that he was subject to an extended term. The court then found defendant was a persistent offender because he had previously been convicted on at least two separate occasions of two crimes he had committed when he was an adult and the last crime was committed within ten years of the date of the crimes for which he was going to be sentenced. The court also noted that defendant was twenty-six years of age when he committed the sexual assault offense.

Defendant was sentenced on August 24, 2022. On the conviction for sexual assault, defendant was sentenced to an extended term of eighteen years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant was also sentenced to parole supervision for life and required to report and register under Megan's Law, N.J.S.A. 2C:7-2, once he was released on parole. The court stated that it was merging the conviction for criminal sexual contact with the sexual assault conviction but then sentenced defendant to a concurrent term of eighteen months in prison on that conviction. On the

A-0161-23

conviction for criminal restraint, defendant was sentenced to a concurrent term of five years in prison. So, defendant's aggregate prison sentence was for eighteen years, with just over fifteen years of parole ineligibility.

At sentencing, the court reviewed defendant's criminal record as reflected in the presentence report. The criminal record set forth in the presentence report was consistent with and included the charges that had been detailed in the special deputy attorney general's affidavit, which the court had considered when it granted the extended term motion. Neither defendant nor his counsel challenged the criminal record as set forth in the presentence report.

Following his sentencing, defendant filed a timely direct appeal. In 2024, while his direct appeal was pending, the United States Supreme Court issued its decision in Erlinger v. United States, 602 U.S. 821 (2024). In Erlinger, the Supreme Court held that "the Fifth and Sixth Amendments generally guarantee a defendant the right to have a unanimous jury find beyond a reasonable doubt any fact that increases his [or her] exposure to punishment." Id. at 828. The Court also held that "[v]irtually 'any fact' that '"increase[s] the prescribed range of penalties to which a criminal defendant is exposed"' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."

A-0161-23

<u>Id.</u> at 834 (second alteration in original) (quoting <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)).

It is undisputable <u>Erlinger</u> abrogated New Jersey's persistent offender statute to the extent N.J.S.A. 2C:44-3(a), as presently drafted, provides certain predicate facts are to be found by a court rather than a jury. For cases, like this one, where defendant's direct appeal was pending when <u>Erlinger</u> was issued, the question is whether the judge's determination that the defendant was a persistent offender is subject to a harmless error analysis. In <u>Carlton</u>, the New Jersey Supreme Court held that "errors in failing to submit sentencing factors or elements to a jury, as in <u>Apprendi</u> and its prodigy, are presumptively subject to harmless error analysis, and not automatic reversal." <u>Carlton</u>, 262 N.J. at 643. The Court further held that before a constitutional error can be considered harmless, the reviewing court must be convinced beyond a reasonable doubt that the error did not affect the outcome. <u>Id.</u> at 642. In other words, the record must provide meaningful appellate review and demonstrate that only one outcome would have been possible at trial. <u>Id.</u> at 645.

In short, the Court in <u>Carlton</u> held the harmless constitutional error doctrine applies to <u>Erlinger</u> violations provided that "the relevant facts are undisputed, the sentencing court's reasoning fully articulated, and the record

7

demonstrates, beyond any reasonable doubt, the sole conclusion a jury could have reached had <u>Erlinger</u> been in place at the time of sentencing." <u>Id.</u> at 644. Applying that test, the court in <u>Carlton</u> found that the constitutional error in that case was harmless beyond a reasonable doubt. <u>Id.</u> at 645.

If we had remanded this case for resentencing based only on an <u>Erlinger</u> issue, <u>Carlton</u> would control and the extended term issue would be resolved under the harmless error analysis. We, however, also separately remanded this matter for resentencing because the sentencing court had failed to adequately explain the findings supporting the aggravating factors, the mitigating factors, and the overall fairness of the sentence imposed. Additionally, the sentencing court had erred in imposing a sentence and penalties for the merged criminal sexual contact conviction. Nothing in <u>Carlton</u> changes the second grounds for the remand for resentencing in this matter. Consequently, we again remand this matter for resentencing.

At the resentencing, "the court should give due consideration to all credible evidence in the record and all relevant sentencing factors on the day defendant stands before the court." <u>State v. Rivera</u>, 249 N.J. 285, 303-04 (2021) (citing <u>State v. Randolph</u>, 210 N.J. 330, 354 (2012)). In that regard, the New Jersey Supreme Court has explained that "defendant and the State are entitled to

bring all relevant factors to the [sentencing] court's attention, so long as they are supported by competent and credible evidence," and the court on resentencing is free to consider any applicable mitigating factor.  Ibid.

Given the record in this matter, we do not decide whether the current version of the persistent offender statute allows the State to seek an extended term or whether defendant is precluded from requesting a jury trial on the factual findings concerning whether he is a persistent offender.  While we note that defendant did not dispute his prior criminal record when he was first sentenced, because he will be resentenced, which is a new sentence, defendant is at least entitled to raise the issue.  Moreover, defendant can freely elect not to contest his prior criminal record.

No matter how defendant decides to proceed on remand, he is free to reargue that an extended term should not be imposed at the resentencing.  The persistent offender statute is clear in stating that the decision of whether to impose an extended term, even if eligible, is within the sentencing court's discretion. N.J.S.A. 2C:44-3 (explaining the court "may upon application of the prosecuting attorney" sentence a criminal defendant to an extended term under section (a) for persistent offenders); see also Apprendi, 530 U.S. at 481

A-0161-23

(recognizing the long line of cases providing a sentencing judge has "broad discretion" to impose an extended term within the statutory limits).

In summary, having reconsidered this matter in accordance with the Supreme Court's direction, we hold that defendant is still entitled to a resentencing. Accordingly, we again vacate his sentence and remand for further proceedings, including a resentencing consistent with this opinion. Defendant's convictions remain affirmed.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

10